UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                Criminal Case No. 12-20372

Dwayne Richards,                                       Sean F. Cox
                                                      United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Dwayne Richards ("Defendant") pleaded guilty to Conspiracy to Possess With Intent To Distribute and to Distribute More Than Five Kilograms of Cocaine and was sentenced to 151 months' imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to Conspiracy to Possess With Intent To Distribute and to Distribute More Than Five Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. On April 10, 2018, this Court sentenced Defendant to 151

months' imprisonment.

Acting through counsel, on September 23, 2020, Defendant filed this motion for compassionate release. Attached to his motion is an April 29, 2020 letter from Defendant's warden, stating that it is in response to an April 8, 2020 request for home confinement due to concerns related to COVID-19. The letter states that Defendant's request for home confinement is denied.

Defendant is an African American male who is forty-nine years old. Defendant filed his Motion for Compassionate Release asserting that he is heightened risk of more serious illness, if he were to contract COVID-19, because he has asthma and high blood pressure. Defendant also claims to have issues with his stomach, pancreas, and kidneys.

The Government argues that Defendant has not fully exhausted his administrative remedies because he only requested home confinement, and not release. In support of that position, the Government directs the Court to an unpublished decision from a district court in Arizona. The Government also opposes the motion on the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons."   Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).  *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, even if Defendant could satisfy the first eligibility threshold for compassionate release during this pandemic based on his health conditions, the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  The record does not support such a finding in this case, where Defendant was convicted of drug trafficking offense involving a large amount of drugs in this case and has a prior criminal history involving similar conduct.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of

the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious and allowing Defendant to be released after serving less than half of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 16, 2020