UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                           Criminal Case No. 12-20372

Dwayne Richards,                  Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Dwayne Richards ("Defendant") pleaded guilty to Conspiracy to Possess With Intent To Distribute and to Distribute More Than Five Kilograms of Cocaine and was sentenced to 151 months' imprisonment. The matter recently came before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The motion asked the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. This Court denied that motion in an Opinion and Order issued on November 16, 2020, finding that a consideration of the § 3553(a) factors weighs against Defendant's release. On February 3, 2021, Defendant filed a Renewed Motion for Compassionate Release. The Court concludes that a hearing is not necessary. As explained below, the motion shall be denied because the Court still concludes that consideration of the § 3553(a) factors weights against release.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to Conspiracy to Possess With Intent To Distribute and to Distribute More Than Five Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. On April 10, 2018, this Court sentenced Defendant to 151 months' imprisonment.

Acting through counsel, on September 23, 2020, Defendant filed a motion for compassionate release, based on his history of asthma and high blood pressure. The Government opposed the motion. This Court denied the motion in an Opinion and Order issued on November 16, 2020.

On February 3, 2021, acting through counsel, Defendant filed a "Renewed Motion for Compassionate Release Due To Worsening Health & Contracting COVID-19." (ECF No. 528). Defendant is a forty-nine year old African American man. Defendant's motion states that Defendant tested positive for COVID-19 on or about January 7, 2021. His motion claims that Defendant was very ill and was treated with "IV fluids, a steroid injection, z-pack antibiotics, Tylenol and an oral steroid medication." (Def.'s Br. at 8). Defendant claims that he now has pneumonia in his left lung. (*Id*. at 8). Defendant did not submit any medical records in connection with his motion.

The Government opposes Defendant's Renewed Motion for Compassionate Release. It states that Defendant's medical records show that Defendant contracted the virus over five weeks ago and he has since recovered. As a result, the Government argues there are no extraordinary and compelling reasons for Defendant's release and, in addition, the § 3553(a) factors still weigh against his release.

The Court ordered that Defendant had until March 5, 2021, to file a reply brief in support of his Renewed Motion. (*See* ECF No. 529). Defendant, who is represented by counsel, did not file a reply brief and the time for doing so has passed.

## ANALYSIS

Defendant's Renewed Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at *1.*

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also

clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Defendant contends that his request for compassionate release should be granted because his medical conditions, in light of the ongoing pandemic, constitute extraordinary and compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, Defendant's original motion asserted that he is heightened risk of more serious illness, if he were to contract COVID-19, because of his asthma and hypertension. His renewed motion states that he has since contracted COVID and should therefore be released.

The Government acknowledges that Defendant contracted the virus on or about January 7, 2021 but notes that Defendant has since recovered. Defendant has not provided the Court with any medical records, or any other documentation, to show otherwise. In light of that, this Court does not believe that Defendant has established extraordinary and compelling circumstances.

Moreover, this Court still concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a)."). Defendant was convicted of a drug trafficking offense involving a large amount of drugs in this case and has a prior criminal history involving similar conduct. Defendant's criminal conduct was serious and allowing Defendant to be released after serving less than half of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court continues to believe that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Renewed Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 10, 2021